## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,                 )        CRIMINAL CASE NO. CM0439-13
                                    )
                                    )
          v.                        )
                                    )        **DECISION AND ORDER**
                                    )
TERENA RAYMOND MENO,                )
                                    )
          Defendant.                )
_____)

### INTRODUCTION

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam Defendant's motion for civil compromise was taken under advisement on December 10, 2013. The People are represented by Assistant Attorney General, Christopher R. Odoca. Defendant is represented by Assistant Public Defender Ali Nusbaum. Having considered the papers, pleadings and file herein, the Court now enters an order Denying Defendant's request.

### FACTUAL HISTORY

On May 11, 2013 Defendant was charged with Family Violence, as a Misdemeanor. The charge arises out of an alleged incident between Defendant and her husband where she recklessly caused or attempted to cause him bodily injury.

On November 21, 2013 Defendant filed a Motion to Dismiss arguing that the charges against the Defendant should be dropped because she and the Victim have reached a civil compromise pursuant to 8 GCA §80.90. The People timely filed an opposition to the motion. The People argue that pursuant to the Court's May 2013 decision in *Kinsella* CM1197-12, that applying Guam's civil compromise statute to cases of family violence is inappropriate. They

reason that because the specific and general circumstances in this case do not allow for a situation where the public or victim may be fully vindicated, application of the statute is inappropriate. Defendant has filed no reply.

## DISCUSSION

Section 80.90 of Title 8 of the Guam Code regulates motions for civil compromise. It provides,

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 GCA § 80.90 (2005).

A plain reading of this statute does not support its application to crimes of family violence. As this Court has indicated previously crimes of family violence are not generally the type for which adequate satisfaction can be readily shown. *People v. Kinsella* Criminal Case No. CM1197-12, *Decision and Order on Motion for Civil Compromise*, (May 3, 2013). Civil compromise is typically limited to cases involving monetary restitution for property damage. The current facts involve a Defendant accused of assaulting her husband. This makes the question of restitution problematic. The Victim's and the Defendant's statements in this matter indicate all injures from the event were minor and that the Victim and the Defendant have forgiven each other. These assertions are not sufficient to support a finding that statutory requirements have been meet. 8 GCA §80.90(b); Cal. Pen. Code §1377 (California law prohibits the application of civil compromise to cases involving domestic violence).

## CONCLUSION

Based on the foregoing, the Defendants motion for civil compromise is denied.

SO ORDERED, this ___29___ day of _____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 2 9 2014

Edna M. Nego
Deputy Clerk, Superior Court of Guam